UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GILBERTO RIVERA-HERNANDEZ,**

      **Plaintiff,**

v.                                           **Case No:  6:12-cv-198-Orl-36GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## ORDER

This cause comes before the Court on Plaintiff Gilberto Rivera-Hernandez's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Doc. 1. Magistrate Judge Gregory J. Kelly has submitted a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. Doc. 22.

After an independent *de novo* review of the record, including Plaintiff's Objections (Doc. 23) and the Commissioner's response thereto (Doc. 24), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

**I.     BACKGROUND**

On May 18, 2009, Plaintiff filed his applications for disability insurance benefits and supplemental security income ("Applications") with the Social Security Administration. R. 14, 93–97. Plaintiff's Applications were denied initially and upon reconsideration. R. 14, 59–62.

On January 31, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff and a vocational expert ("VE") testified. R. 14, 29–58. On August

24, 2011, the ALJ issued a written decision finding that Plaintiff suffered from the severe impairments of major depressive disorder and anxiety disorder, not otherwise specified. R. 16, 23. The ALJ also found that these impairments resulted in moderate limitations in Plaintiff's activities of daily living, social functioning, and ability to maintain concentration, persistence, and pace. R. 17. However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17–18. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except that he: cannot climb ladders, ropes or scaffolds; should avoid exposure to hazards; is limited to unskilled work; can carry out simple instructions and perform simple and routine tasks involving little independent decision making and few workplace changes; and should work primarily with things rather than people, with only superficial interaction with others. R. 18–21. Based upon the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a sandwich maker. R. 21. The ALJ also made the alternative finding that Plaintiff could work as a hand packager, cleaner II, cleaner/housekeeper, sandwich board carrier, or sorter of agricultural produce, and that a significant number of those jobs existed in the national economy. R. 21–22. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 22–23.

On January 20, 2012, the Social Security Appeals Council denied Plaintiff's timely request for review. R. 1–6. On February 7, 2012, Plaintiff filed a Complaint, seeking judicial review of the Commissioner's decision. Doc. 1.

Upon review of the expert testimony and administrative record, Magistrate Judge Kelly recommended that the Court affirm the decision of the Commissioner and close this case. Doc.

22, p. 19–20. On January 14, 2013, Plaintiff filed his Objections, arguing, as he did before the Magistrate Judge, that: (1) the ALJ did not properly account for Plaintiff's moderate limitation in maintaining concentration, persistence, and pace; and (2) the ALJ did not properly account for Plaintiff's moderate limitation in completing a normal workday and workweek without interruptions from psychologically based symptoms and in performing at a consistent pace without an unreasonable number and length of rest periods. Doc. 23, pp. 2–9.

## II.     LEGAL STANDARDS

### A.     Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### B.     Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id*.

3

Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it.").  The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]."  *Phillips*, 357 F.3d at 1240 n.8 (quotations omitted).

   **C.**  **An ALJ's Five Step Disability Analysis**

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.  At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step.  *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009).  If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

4

### III.   DISCUSSION

#### A.   The ALJ Properly Accounted for Plaintiff's Moderate Limitation in Maintaining Concentration, Persistence, and Pace

After considering the medical evidence in the record, the ALJ found that Plaintiff had the RFC to perform "medium work" as defined in 20 C.F.R. §§ 404.1567 and 416.967, with the following limitations: he cannot climb ladders, ropes or scaffolds; he should avoid exposure to hazards; he is limited to unskilled work; he can carry out simple instructions and perform simple and routine tasks involving little independent decision making and few workplace changes; and he should work primarily with things rather than people, with only superficial interaction with others. R. 18–21. At step four, the ALJ found that Plaintiff could perform his past relevant work as a sandwich maker. R. 21. At step five, the ALJ made the alternative finding that Plaintiff could work as a hand packager, cleaner II, cleaner/housekeeper, sandwich board carrier, or sorter of agricultural produce, and that a significant number of those jobs existed in the national economy. R. 21–22. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 22–23. The ALJ's findings at steps four and five were based on the VE's response to the ALJ's hypothetical question, in which the ALJ included the above-described limitations. R. 21–22, 54–56. In his Objections, Plaintiff argues, as he did before the Magistrate Judge, that the ALJ's failure to include Plaintiff's limitation in maintaining concentration, persistence, and pace in his hypothetical question was reversible error. Doc. 23, pp. 6–9.

At step five, the Commissioner must determine whether a significant number of jobs exist in the national economy that the claimant can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). One way for an ALJ to make this determination is by obtaining the testimony of a VE. *Id*. "'In order for a vocational expert's testimony to constitute

substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Id*. (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). Therefore, the ALJ's hypothetical question must include all the limitations that the ALJ finds in his RFC determination. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985).

The leading case in the Eleventh Circuit addressing the requirement that an ALJ include a claimant's limitation in concentration, persistence, and pace in his hypothetical question is *Winschel*. In that case, the ALJ determined at step two that the claimant's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace, but the ALJ's hypothetical question to the VE did not expressly include this limitation. 631 F.3d at 1181. The ALJ did not indicate that medical evidence suggested the claimant's ability to work was unaffected by this limitation, nor did the ALJ implicitly account for the limitation in the hypothetical. *Id*. The court therefore concluded that the ALJ should have explicitly included the limitation in his hypothetical question and, because he did not, the ALJ's decision was not supported by substantial evidence. *Id*.

In *Jarrett v. Commissioner of Social Security*, 422 F. App'x 869 (11th Cir. 2011), the Eleventh Circuit adopted dicta from *Winschel*, holding that "an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies." *Id.* at 872 (citing *Winschel*, 631 F.3d at 1181). Applying this standard to the facts, the *Jarrett* court concluded that the ALJ's hypothetical question including a restriction to simple instructions and simple tasks sufficiently accounted for the claimant's limitations in concentration, persistence, and pace because the medical evidence in the record demonstrated that the claimant retained the ability to follow

Case 6:12-cv-00198-CEH-GJK   Document 26   Filed 03/18/13   Page 7 of 11 PageID 626

simple instructions and complete simple tasks despite these limitations. *Id*. Since *Jarrett*, the Eleventh Circuit has repeatedly held that an ALJ's hypothetical question may implicitly account for limitations in concentration, persistence, and pace by restricting the claimant to certain types of work where the medical evidence indicates that the claimant can perform this work despite the limitations. *See Scott v. Comm'r of Soc. Sec.*, No. 11-15252, 2012 WL 5358868, at *2 (11th Cir. Oct. 31, 2012); *Land v. Comm'r of Soc. Sec.*, No. 12-11834, 2012 WL 5313342, at *3–4 (11th Cir. Oct. 26, 2012); *Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 195 (11th Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 635 (11th Cir. 2011).

Here, the medical evidence in the record clearly indicates that Plaintiff is capable of performing simple, routine tasks despite his limitation in maintaining concentration, persistence, and pace. Indeed, the ALJ made findings to this effect in his RFC assessment. The ALJ gave significant weight to the opinions of two State mental health specialists, Dr. Green and Dr. Wiener. R. 21. Dr. Green reviewed the medical evidence and stated that Plaintiff could complete simple tasks, even though Dr. Green had found that Plaintiff was mildly limited in his ability to maintain concentration, persistence, and pace. R. 253, 259. Dr. Green further opined that "[t]he overall indication is that while there are some mental deficits present, they will not prohibit [Plaintiff] from carrying out at least routine daily functions." R. 259. Dr. Wiener reviewed the medical evidence and stated that Plaintiff was mentally capable of independently performing routine tasks, even though Dr. Wiener had found that Plaintiff was moderately limited in his ability to maintain concentration, persistence, and pace. R. 353, 365. The ALJ explained that the opinions of the State mental health specialists were supported by, and consistent with, the medical evidence of record. R. 21. Based on these findings, the ALJ concluded that Plaintiff could perform simple, routine tasks despite his moderate limitation in

7

maintaining concentration, persistence, and pace. R. 18, 21. The Court finds that the ALJ's conclusion is supported by substantial evidence in the medical record. Accordingly, the ALJ was entitled to ask a hypothetical question which implicitly accounted for Plaintiff's limitation in maintaining concentration, persistence, and pace by restricting him to simple, routine tasks. *See Scott*, 2012 WL 5358868, at *2; *Land*, 2012 WL 5313342, at *3–4; *Rosario*, 490 F. App'x at 195; *Syed*, 441 F. App'x at 635; *Jarrett*, 422 F. App'x at 872.[1] The Court agrees with the Magistrate Judge that the ALJ properly accounted for Plaintiff's limitation in maintaining concentration, persistence, and pace. *See* Doc. 22, p. 16.

> **B.     The ALJ Properly Accounted for Plaintiff's Moderate Limitation in Completing a Normal Workday and Workweek**

Next, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly accounted for Plaintiff's moderate limitation in completing a normal workday and workweek. Doc. 23, pp. 2–5. In their RFC assessment forms, both of the State mental health specialists checked a box in Section I indicating that Plaintiff was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 258, 352. The ALJ noted the specialists' opinions on this limitation in his RFC determination. R. 21. However, the ALJ did not include the limitation in his hypothetical question to the VE. *See* R. 54–56. Plaintiff asserts that this was reversible error. Doc. 16, pp. 9–11; Doc. 23, pp. 2–5.

---

[1] Plaintiff filed a Notice of Supplemental Authority (Doc. 25), citing a case recently decided in the Middle District, *Hommell v. Commissioner of Social Security*, No. 6:12-cv-102, Doc. 20. In *Hommell*, Judge Presnell held that the ALJ's failure to include the claimant's moderate limitation in maintaining concentration, persistence, and pace in his hypothetical question to the VE was reversible error where the ALJ did not make an explicit finding that Plaintiff's limitation did not affect her ability to work. *Id.* at p. 11. Here, by contrast, the Court has determined that the ALJ made findings based on the medical evidence in the record that Plaintiff was able to perform simple, routine tasks despite his limitation in maintaining concentration, persistence, and pace.

As the Magistrate Judge correctly noted, the Eleventh Circuit considered and rejected a similar argument in *Jones v. Commissioner of Social Security*, 478 F. App'x 610 (11th Cir. 2012). In *Jones*, the claimant argued that the ALJ erred in concluding that the claimant had the RFC to perform simple and repetitive tasks on a sustained basis, because two doctors who evaluated him had checked the box in their RFC assessment forms indicating that the claimant had moderate limitations in completing a normal workday and workweek. *Id.* at 612. The court disagreed:

> This argument is also unavailing because it does not consider "*all* of the relevant medical and other evidence" that was before the ALJ. The Social Security Administration's Programs Operations Manual System (POMS) clarifies that the boxes checked by Dr. Zelenka and Dr. Bee are only part of a worksheet that "does not constitute the [doctors' actual] RFC assessment." Checking the box "Moderately Limited" means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation. After checking the boxes as an "aid," a doctor is then required to detail his actual RFC assessment.
>
> Consistent with these directives, both Dr. Zelenka and Dr. Bee, after checking the various boxes, elaborated on their opinions regarding Jones's ability to concentrate. Dr. Zelenka explained that Jones has "occasional" problems with his attention span, but that he otherwise "retains adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting." Similarly, Dr. Bee stated that Jones "may" have "occasional lapses in concentration and efficiency," but that he otherwise "appears mentally capable of well structured task activity." These opinions tend to support the ALJ's finding.

*Id.* (emphasis in original) (internal citations omitted). Accordingly, the *Jones* court concluded that the ALJ's findings were supported by substantial evidence, and affirmed the Commissioner's decision. *Id.* at 613.

Like the doctors in *Jones*, Drs. Green and Wiener both checked the box in Section I of their RFC assessment forms indicating that Plaintiff had moderate limitations in completing a normal workday and workweek. R. 258, 352. However, the boxes checked by Dr. Green and Dr. Wiener were merely an aid in their assessments, and did not constitute their actual RFC assessments. *See Jones*, 478 F. App'x at 612. Dr. Green ultimately concluded that Plaintiff

9

could complete simple tasks. R. 259. Dr. Green further opined that "[t]he overall indication is that while there are some mental deficits present, they will not prohibit [Plaintiff] from carrying out at least routine daily functions." *Id*. Dr. Wiener ultimately concluded that Plaintiff was mentally capable of independently performing routine tasks in a low-demanding work environment with brief interactions with others and few changes. R. 353. The ALJ gave significant weight to these opinions and made a finding that Plaintiff had the RFC to perform simple, routine tasks. R. 18, 21. The Court finds that the ALJ's determination is supported by substantial evidence. *See Jones*, 478 F. App'x at 612–13; *Land*, 2012 WL 5313342, at *2–3 (ALJ's findings supported by substantial evidence where doctors checked box indicating that claimant had moderate limitations in ability to complete a normal workday or workweek, but ultimately concluded that claimant could perform certain tasks despite these limitations); *Gibbons v. Comm'r of Soc. Sec.*, No. 6:11-cv-1894, 2013 WL 688053, at *7–8 (M.D. Fla. Feb. 26, 2013) (same); *Jones v. Comm'r of Soc. Sec.*, No. 6:11-cv-1793, 2013 WL 669226, at *11–12 (M.D. Fla. Feb. 25, 2013) (same); *Gainor v. Comm'r of Soc. Sec.*, No. 6:12-cv-299, 2013 WL 610411, at *8–9 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted*, 2013 WL 624857 (M.D. Fla. Feb. 19, 2013) (same).[2] Therefore, the Court agrees with the Magistrate Judge that the ALJ properly accounted for Plaintiff's moderate limitation in completing a normal workday and workweek. *See* Doc. 22, pp. 13–14.

---

[2] Plaintiff filed a Notice of Supplemental Authority (Doc. 18), citing a case recently decided in the Middle District, *Conyers v. Commissioner of Social Security*, No. 6:11-cv-701, Doc. 19, 20. In *Conyers*, Judge Dalton adopted the Report and Recommendation of Magistrate Judge Baker, holding that the ALJ's failure to include the claimant's moderate limitation in completing a normal workday and workweek in his hypothetical question was reversible error. *Conyers*, Doc. 19, pp. 12–13. The Court notes that the Report and Recommendation in *Conyers* was issued before, and is inconsistent with, the Eleventh Circuit's decision in *Jones*, 478 F. App'x 610. Accordingly, the *Conyers'* decision is not persuasive.

IV.   CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.  It is **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 22) is **adopted, confirmed and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Gregory J. Kelly

11